RuffiN, Chief Justice.
 

 On the hearing, a doubt of our jurisdiction, in the present stage of the'case, occurred to the Court; and on examining the revised statute, 1 Rev. St. ch. 39, we are satisfied the doubt is well founded, and that the cause must be remanded for the purpose of decision, in the first instance, in the Court of Equity below.
 

 By the act of 1814, the jurisdiction was vested exclusively in the Superior Courts of Law; and, in order to prevent divorces by collusion, it is provided that the material facts charged in the petition shall be submitted to a jury, upon whose verdict, and not otherwise, the Court shall decree; and; by the act of 1827, ch. 19, an appeal, after final judgment in the Superior Court, is given to this Court, “ whose duty it shall be,
 
 according io the facts ascertained in the Superior Court, to
 
 make such a decree as shall be just.” Then came the act of 1834, whereby a concurrent jurisdiction in the Courts of Equity is created. As this last act is silent as to the mode of proceeding in the Court of Equity, it
 
 might,
 
 perhaps, have been supposed that the Legislature intended the proceedings to be according to the established course of that Court. Against that construction, however, strong reasons existed in the provisions already quoted, of the two preceding acts, inasmuch as all the acts being
 
 in pari materia,
 
 ought tobe interpreted together. The same important considerations, which require proof from the parties of the al
 
 *271
 
 leged causes of divorce, and that those proofs should be mitted to a jury, exist, whether the trial be on one side or the other of the Superior Court. At all events the act made no change as to the mode of bringing a cause into this Court; and, therefore, as the act of 1827 legislates on this point specifically, it cannot be inferred, from the general terms of the act, of which the object was chiefly the more convenient dealing with applications for alimony, that it intended to annul the special provisions respecting the jurisdiction of the Supreme Court.
 

 But, whatever might have been the construction of those acts, standing in the statute book thus separated from each other, there can be no doubt of the sense in which those provisions are to be received, as they are found now, condensed into one chapter of our statute book. By the 1st section of ch. 39, the jurisdiction of divorce and alimony is possessed by the Superior Courts of Law and the Superior Courts of Equity; and by the first proviso of the 5th section, the language of the act of 1814 is repeated, “ that in all suits commenced under
 
 this act,
 
 the material facts shall be submitted to a jury.” By positive enactment, therefore, the mode of trial in the Court of Equity is now to be by jury. That can be much more conveniently done on the Circuit than in this Court; which furnishes a further reason why we should not enlarge our jurisdiction without a plain mandate from the Legislature. But in the 13th section there is found the restriction of the act of 1827, re-enacted as to the appeals from a Court of Law, and extended to those from a Court of Equity. The words are, that “ in
 
 every
 
 case of an application for a divorce, and a final judgment thereon by the Superior Court of Law or
 
 Court of Equity,
 
 it shall be lawful for the party against whom such judgment is rendered, to appeal therefrom to the Supreme Court; whose duty it shall be,
 
 according to the facts ascertained in the Superior Court,
 
 to make such decree thereon as shall be just.” It seems plain, from these quotations, that the only question the parties were allowed to bring here is, what decree,
 
 upon the case stated and found in the record,
 
 ought the parties to have, regard being had to their personal rights and happiness, and to the
 
 *272
 
 cause of good morals in a well regulated Commonwealth.
 

 The Court having only an appellate jurisdiction, must remand the cause to the Court from which it came.
 

 Per Curiam. Cause remanded.